# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| MIKE WELLS, TERESA WELLS, and GERMANIA FARM MUTUAL INSURANCE ASSOCIATION | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | NO. 5:19-cv-108-RWS-CMC |
| UNION PACIFIC RAILROAD COMPANY | § § § | |
| Defendant. | § | |

## ORDER

This case is set for a scheduling conference in **Texarkana, Texas,** on **January 16, 2020, at 10:00 a.m.** before U. S. Magistrate Judge Caroline M. Craven. **Counsel and all unrepresented parties must appear via telephone. TELECONFERENCE NUMBER: 877-336-1839 ACCESS CODE: 4068507, FOLLOWED BY #.** The purpose of the scheduling conference will be to confirm the trial setting and to resolve any case management disputes or concerns.

Parties that are proceeding without an attorney are bound by the requirements imposed upon counsel in this Order.

Plaintiff's counsel must immediately notify the Court upon settlement.

**No later than one week before the scheduling conference**, the parties shall file a joint report that reflects the parties' case management plan.

The Joint Conference Report must also contain the following information:

a. State where and when the conference among the parties required by Federal Rule of Civil Procedure 26(f) was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email address.

b.  List the name, bar number, address, email address, and telephone number of counsel and any unrepresented person who will appear at the Scheduling Conference on behalf of the parties.  Appearing counsel must be an attorney of record, have full authority to bind clients and enter into stipulations regarding all matters that may be discussed.

c.  List the correct names of the parties to this action.

d.  List any related cases pending in any state or federal court.  Include the case numbers, the courts, and how they are related.

e.  Briefly describe in 3 pages or less: (a)  What this case is about and (b) Each claim or defense.

f.  Specify the basis of federal jurisdiction.

g.  Identify the parties who disagree with Plaintiff's jurisdictional allegations and state the reasons for disagreement.

h.  List anticipated additional parties that may be included, when they might be added and by whom.

i.  List anticipated intervenors.

j.  Describe any class-action or collective-action issues.

k.  State whether the parties are exempt from initial disclosures under rule 26(a)(1)(B).

l.  If the parties disagree on any part of the discovery plan, describe the opposing views.

m.  State the progress made toward settlement, if any, and the present status of settlement negotiations.

n.  If the parties have agreed on a specific mediator, state the name and address of the mediator and at what stages of the litigation mediation is most appropriate.

o.  United States Magistrate Judges are vested with full authority to try both jury and nonjury trials.  State whether the parties agree to trial before a United States Magistrate Judge.

p.  State whether a jury demand has been made and if it was made on time.

q.  Specify the approximate number of hours each party will need to present evidence and cross-examine witnesses in the trial of this case.

r.  List all pending motions.

      s.  Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the Scheduling Conference.

The parties shall prepare and attach to the joint report a joint proposed docket control order and a joint proposed discovery order. These orders shall be guided by the sample docket control and discovery orders for non-patent cases that can be found on Judge Schroeder's website.

The sample orders include provisions that require input from the parties. The sample orders also include provisions that are mandatory and are not subject to change without showing good cause. Good cause shall not be considered to be met simply by an indication of the parties' agreement. Should either party believe good cause can be shown to alter an otherwise mandatory provision, then such party shall file a separate motion to alter the provision after the parties have filed the proposed docket control and discovery orders with the mandatory provisions intact as previously required above.

Furthermore, it is hereby ORDERED that the following schedule of deadlines shall be incorporated into the proposed docket control order:

| | |
|---|---|
| Jury Selection and Jury Trial | *October 26, 2020 at 9:00 a.m. in Texarkana, TX before U. S. District Judge Robert W. Schroeder, III |
| Pre-trial Conference | *October 7, 2020 at 10:00 a.m. in Texarkana, TX before U. S. Magistrate Judge Caroline M. Craven |
| Dispositive Motion Deadline | *July 7, 2020 |
| 7 Days Before Scheduling Conference | File Proposed Docket Control Order and Proposed Discovery Order The Proposed Docket Control Order and Proposed Discovery Order shall each be filed as a separate joint motion with the caption indicating whether or not the proposed order is opposed in any part. Any disputes should be redlined and each party's position explained. |

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

(*) indicates a deadline that cannot be changed without showing good cause.  Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.